IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Manny Secunda, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 14 |
| | ) | |
| Everest Receivable Services, Inc., a | ) | |
| Delaware corporation, and C&E | ) | |
| Acquisitions Group, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Manny Secunda, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) one of the Defendants resides here; and, c) both Defendants transact business here.

## PARTIES

3. Plaintiff, Manny Secunda ("Secunda"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer account that he allegedly owed for an Orchard Bank/HSBC credit card.  These collection actions took

place despite the fact that he had exercised his right to refuse to pay the debt, and be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, Everest Receivable Services, Inc. ("ERS"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. ERS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ERS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, C&E Acquisitions Group, LLC ("C&E"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. C&E operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant C&E was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant C&E is a bad debt buyer, which buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant Everest.

7. Defendant ERS is authorized to conduct business in the State of Illinois

and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, both Defendants conduct business in Illinois.

    8.    Defendant ERS is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>.  In fact, Defendant ERS acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

    9.    Mr. Secunda is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for an Orchard Bank/HSBC account.  At some point in time after that debt became delinquent, another bad debt buyer/debt collector, FFIF-United Opportunity Fund I, LLC ("FFIF") allegedly bought/obtained Mr. Secunda's Orchard Bank/HSBC debt.  When FFIF began trying to collect the Orchard Bank/HSBC debt from Mr. Secunda, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

    10.    Specifically, FFIF had its attorney, Stephen Einstein, demand payment of the Orchard Bank/HSBC debt from Mr. Secunda, who did so by sending Mr. Secunda a collection letter dated, December 24, 2011.  A copy of this collection letter is attached as Exhibit <u>C</u>.

    11.    On January 27, 2012, one of Mr. Secunda's attorneys at LASPD informed FFIF, through its attorney, that Mr. Secunda was represented by counsel, and directed FFIF to cease contacting him, and to cease all further collection activities because Mr. Secunda was forced, by his financial circumstances, to refuse to pay his unsecured

debt. A Copy of this e-mail letter is attached as Exhibit D.

12. The affect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – calling or writing the consumer had to stop. Moreover, any future owner of this alleged debt knew, or should have known, that there were problems with the debt at issue, due to the age of the portfolio of the debts that included the Plaintiff's alleged debt. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

13. Nonetheless, Defendant C&E then bought/obtained Mr. Secunda's alleged Orchard Bank/HSBC debt, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Mr. Secunda, and Defendants sent Mr. Secunda a collection letter, dated October 23, 2013, which demanded payment of the alleged Orchard Bank/HSBC debt. A copy of this letter is attached as Exhibit E.

14. Accordingly, on November 11, 2013, Mr. Secunda's LASPD attorneys had to send Defendants another letter, directing them to cease communications and to cease collections. A copy of this letter and fax confirmation is attached at Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Plaintiff's agent/attorney, LASPD, told Defendant C&E, through its predecessor-in-interest, to cease communications and cease collections (Exhibit D). By continuing to communicate (Exhibit E), regarding this debt, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt, because his attorneys at LASPD

5

had given notice, in writing to Defendants' predecessor-in-interest (Exhibit D), that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Mr. Secunda a collection letter (Exhibit E), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Manny Secunda, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Secunda, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Manny Secunda, demands trial by jury.

                                          Manny Secunda,

                                          By: /s/ David J. Philipps_____
                                          One of Plaintiff's Attorneys

Dated: January 2, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com